**THE KICK LAW FIRM, APC**
Taras Kick (State Bar No. 143379)
(Taras@kicklawfirm.com)
Daniel J. Bass (State Bar No. 287466)
(Daniel@kicklawfirm.com)
Roy K. Suh (State Bar No. 283988)
(Roy@kicklawfirm.com)
815 Moraga Drive
Los Angeles, California 90049
Telephone: (310) 395-2988
Facsimile: (310) 395-2088

Attorneys for Plaintiff HOWARD HAYNIE, individually, and on behalf of all others similarly situated

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD HAYNIE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TEAM DRIVE-AWAY, INC., a Kansas Corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO.: 3:20-cv-00573-RS<br><br>**FIRST AMENDED COMPLAINT:**<br><br>1. Failure to Provide Required Meal Periods<br>2. Failure to Provide Required Rest Periods<br>3. Failure to Pay Minimum Wage<br>4. Failure to Pay All Wages Due to Discharged or Quitting Employees<br>5. Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties<br>6. Unlawful Deductions from Wages<br>7. Unfair and Unlawful Business Practices<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CLASS ACTION** |

## INTRODUCTION

PLAINTIFF HOWARD HAYNIE ("PLAINTIFF") an individual, demanding a jury trial, on behalf of himself and other persons similarly situated, hereby alleges as follows:

## JURISDICTION

1. The Superior Court of the State of California has jurisdiction in this matter because PLAINTIFF performed work in the State of California, and Defendants TEAM DRIVE-AWAY, INC., a Kansas corporation; and DOES 1 through 100 inclusive (collectively "DEFENDANTS"), regularly conduct business in California, without being registered to conduct business in the California. Further, no federal question is at issue because the claims are based solely on California law.

2. Venue is proper in this judicial district and the County of San Francisco, California because PLAINTIFF is informed and believes and thereon alleges that he, and other persons similarly situated, performed work for DEFENDANTS in the County of San Francisco, DEFENDANTS transact business in the County of San Francisco, and because DEFENDANTS' illegal payroll policies and practices which are the subject of this action were applied, at least in part, to PLAINTIFF, and other persons similarly situated, in the County of San Francisco.

3. This matter was removed to the United States District Court for the Northern District of California, where the matter is currently pending, despite PLAINTIFF's dispute of jurisdiction and attempt to remand.

## PLAINTIFF

4. PLAINTIFF is informed and believes and thereon alleges that he is a former employee of DEFENDANTS misclassified as an independent contractor.

5. PLAINTIFF, on behalf of himself and other similarly situated current and former Drivers of DEFENDANTS, including but not limited to those misclassified as independent contractors or "owner operators," in the State of California at any time during the four years preceding the filing of this action, and continuing while this action is pending, brings this class action to recover, among other things, wages and penalties from unpaid wages earned and due, including but not limited to unpaid minimum wages, illegal meal and rest period policies, failure to pay all wages due to discharged and quitting employees, failure to indemnify employees for

necessary expenditures and/or losses incurred in discharging their duties, and interest, attorneys' fees, costs, and expenses.

6. PLAINTIFF brings this action on behalf of himself and the following similarly situated class of individuals ("CLASS MEMBERS"): all current and former drivers, including but not limited to those misclassified as independent contractors or "owner operators," who performed work for DEFENDANTS in the State of California or who were residents of the State of California and performed work for DEFENDANTS at any time within the period beginning four (4) years prior to the filing of this action and ending at the time this action settles or proceeds to final judgment (the "CLASS PERIOD"). PLAINTIFF reserves the right to name additional class representatives.

**DEFENDANTS**

7. PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT TEAM DRIVE-AWAY, INC. is, and at all times relevant hereto was, a Kansas corporation organized and existing under the laws of the State of Kansas. PLAINTIFF is further informed and believes, and thereon alleges, that DEFENDANT TEAM DRIVE-AWAY, INC. is regularly conducts business in the State of California, but has not registered with the California Secretary of State to conduct business in California. Specifically, DEFENDANT TEAM DRIVE-AWAY, INC. maintains facilities and conducts business in, and engages in illegal payroll practices or policies in, the County of San Francisco, State of California.

8. The true names and capacities of DOES 1 through 100, inclusive, are unknown to PLAINTIFF at this time, and PLAINTIFF therefore sues such DEFENDANTS under fictitious names. PLAINTIFF is informed and believes, and thereon alleges, that each DEFENDANT designated as a DOE is highly responsible in some manner for the events and happenings referred to herein, and legally caused the injuries and damages alleged in this Complaint. PLAINTIFF will seek leave of the court to amend this Complaint to allege their true names and capacities when ascertained. The DEFENDANTS, and each of them, were alter egos of each other and/or engaged in an integrated enterprise with each other. Additionally, all of the DEFENDANTS were joint employers of PLAINTIFF.

9. There exists, and at all times herein mentioned existed, a unity of interest and ownership between the named DEFENDANTS, including DOES, such that any corporate individuality and separateness between the named defendants has ceased, and that the named Defendants are alter egos in that the named DEFENDANTS effectively operate as a single enterprise, or are mere instrumentalities of one another.

10. At all material times herein, each DEFENDANT was the agent, servant, co-conspirator and/or employer of each of the remaining defendants, acted within the purpose, scope, and course of said agency, service, conspiracy and/or employment and with the express and/or implied knowledge, permission, and consent of the remaining Defendants, and ratified and approved the acts of the other DEFENDANTS. However, each of these allegations are deemed alternative theories whenever not doing so would result in a contradiction with the other allegations.

11. Whenever reference is made in this Complaint to any act, deed, or conduct of Defendants, the allegation means that DEFENDANTS engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives who was actively engaged in the management, direction, control, or transaction of DEFENDANTS' ordinary business and affairs.

12. As to the conduct alleged herein, each act was authorized, ratified or directed by DEFENDANTS' officers, directors, or managing agents.

13. At all relevant times herein, PLAINTIFF and CLASS MEMBERS were employed by DEFENDANTS under employment agreements that were partly written, partly oral, and partly implied. In perpetrating the acts and omissions alleged herein, DEFENDANTS, and each of them, acted pursuant to, and in furtherance of, their policies and practices of not paying PLAINTIFF and CLASS MEMBERS all wages earned and due, through methods and schemes which include, but are not limited to, failing to provide rest and meal periods; failing to properly compensate PLAINTIFF and CLASS MEMBERS for necessary expenditures; and requiring, permitting or suffering the employees to work off the clock, in violation of the California Labor Code and the applicable Welfare Commission ("IWC") Orders.

14. PLAINTIFF is informed and believes, and thereon alleges, that each and every of

the acts and omissions alleged herein were performed by, and/or attributable to, all DEFENDANTS, each acting as agents and/or employees, and/or under the direction and control of each of the other DEFENDANTS, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

15. Pursuant to California Labor Code § 558.1, DEFENDANTS and any person acting on behalf of any of the DEFENDANTS, are liable for violating, or causing to violate, any provision regulating minimum wages or hours and days of work in any order of the Industrial Welfare Commission, or Labor Code §§ 203, 226, 226.7, 1193.6, 1194, or 2802.

16. As a direct and proximate result of the unlawful actions of DEFENDANTS, PLAINTIFF has suffered, and continues to suffer, from loss of earnings in amounts as yet unascertained, but subject to proof at trial, and within the jurisdiction of this Court.

## CLASS ACTION ALLEGATIONS

17. This action is appropriately suited for a Class Action because:

   a. The potential class is a significant number. Joinder of all current and former employees individually would be impractical.

   b. This action involves common questions of law and fact to the potential class because the action focuses on the DEFENDANTS' systematic course of illegal payroll practices and policies, which was applied to all hourly employees in violation of the California Labor Code, IWC Wage Orders, and the California Business and Professions Code which prohibits unfair business practices arising from such violations.

   c. The claims of the PLAINTIFF are typical of the class because DEFENDANTS subjected all of their hourly employees to the identical violations of the California Labor Code and California Business and Professions Code.

   d. PLAINTIFF is able to fairly and adequately protect the interests of all members of the class because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due to them for all services rendered and hours worked.

//

//

## CLASS ACTION

## FIRST CAUSE OF ACTION

### Failure to Provide Required Meal Periods

**[Cal. Labor Code §§ 226.7, 510, 512, 1194, 1197, 1198; IWC Wage Order No. 9-2001, § 11]**

**(Against All DEFENDANTS)**

18. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

19. During the CLASS PERIOD, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS required, permitted or otherwise suffered PLAINTIFF and CLASS MEMBERS to take less than the 30-minute meal period, or to work through them, and have failed to otherwise provide the required meal periods to PLAINTIFF and CLASS MEMBERS pursuant to California Labor Code § 226.7, 512 and IWC Order No. 9-2001, § 11.

20. DEFENDANTS further violated California Labor Code §§ 226.7 and IWC Wage Order No. 9-2001, § 11 by failing to compensate PLAINTIFF and CLASS MEMBERS who were not provided with a meal period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a meal period was not provided.

21. DEFENDANTS further violated California Labor Code §§ 226.7, 510, 1194, 1197, and IWC Wage Order No. 9-2001 by failing to compensate PLAINTIFF and CLASS MEMBERS for all hours worked during their meal periods.

22. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## SECOND CAUSE OF ACTION

### Failure to Provide Required Rest Periods

**[Cal. Labor Code §§ 226.7, 512; IWC Wage Order No. 9-2001, § 12]**

**(Against All DEFENDANTS)**

23. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

24. At all times relevant herein, as part of DEFENDANTS' illegal payroll policies and practices to deprive their non-exempt employees all wages earned and due, DEFENDANTS failed to provide rest periods to PLAINTIFF and CLASS MEMBERS as required under California Labor Code §§ 226.7 and 512, and IWC Wage Order No. 9-2001, § 12.

25. DEFENDANTS further violated California Labor Code § 226.7 and IWC Wage Order No. 9-2001, § 12 by failing to pay PLAINTIFF and CLASS MEMBERS who were not provided with a rest period, in accordance with the applicable wage order, one additional hour of compensation at each employee's regular rate of pay for each workday that a rest period was not provided.

26. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses, and costs of suit.

## THIRD CAUSE OF ACTION

**Failure to Pay Minimum Wages**

**[Cal Labor Code §§ 1194, 1197; IWC Wage Order No. 9-2001, § 4]**

**(Against All DEFENDANTS)**

27. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

28. Pursuant to California Labor Code §§ 1194, 1197, and IWC Wage Order No. 9-2001, § 4, payment to an employee of less than the applicable minimum wage for all hours worked in a payroll period is unlawful.

29. During the CLASS PERIOD, DEFENDANTS failed to pay PLAINTIFF and CLASS MEMBERS minimum wages for all hours worked by, among other things: requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work off the clock; requiring, permitting or suffering PLAINTIFF and CLASS MEMBERS to work through meal and rest breaks; illegally and inaccurately recording time in which PLAINTIFF and CLASS MEMBERS worked;

and other methods to be discovered.

30. DEFENDANTS' conduct described herein violates California Labor Code §§ 1194, 1197, and IWC Wage Order No. 9-2001, § 4. As a proximate result of the aforementioned violations, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial. Therefore, pursuant to California Labor Code §§ 200, 203, 226, 558, 1194, 1994.2, 1197.1, and other applicable provisions under the Labor Code and IWC Wage Orders, PLAINTIFF and CLASS MEMBERS are entitled to recover the unpaid balance of wages owed to them by DEFENDANTS, plus interest, penalties, attorneys' fees, expenses, and costs of suit.

## FOURTH CAUSE OF ACTION

**Failure to Pay All Wages Due to Discharged or Quitting Employees**

**[Cal. Labor Code §§ 201, 202, 203]**

**(Against All DEFENDANTS)**

31. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

32. Pursuant to California Labor Code § 201, 202, and 203, DEFENDANTS are required to pay all earned and unpaid wages to an employee who is discharged. California Labor Code § 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately.

33. Furthermore, pursuant to California Labor Code § 202, DEFENDANTS are required to pay all accrued wages due to an employee no later than 72 hours after the employee quits his or her employment, unless the employee provided 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

34. California Labor Code § 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code §§ 201 and 202, any wages of an employee who is discharged or who quits, the employer is liable for waiting time penalties in the form of continued compensation to the employee at the same rate for up to 30 workdays.

35. During the CLASS PERIOD, DEFENDANTS have willfully failed to pay accrued wages and other compensation to PLAINTIFF and CLASS MEMBERS in accordance with California Labor Code §§ 201 and 202.

36. As a result, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code § 203, together with interest thereon, as well as other available remedies.

37. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been deprived of compensation in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court, and are entitled to recovery of such amounts, plus interest thereon, and attorneys' fees and costs, pursuant to California Labor Code §§ 1194 and 2699.

## FIFTH CAUSE OF ACTION

**Failure to Indemnify Employees for Necessary Expenditures Incurred in Discharge of Duties**

**[Cal. Labor Code § 2802]**

**(Against All DEFENDANTS)**

38. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

39. California Labor Code § 2802(a) requires an employer to indemnify an employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer.

40. During the CLASS PERIOD, DEFENDANTS knowingly and willfully failed to indemnify PLAINTIFF and CLASS MEMBERS for all business expenses and/or losses incurred in direct consequence of the discharge of their duties while working under the direction of DEFENDANTS, including but not limited to expenses for uniforms, cell phone usage, and other employment-related expenses, in violation of California Labor Code § 2802.

41. As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and seek reimbursement of all necessary expenditures, plus interest thereon pursuant to California

Labor Code § 2802(b). Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties and an award of costs, expenses, and reasonable attorneys' fees, including those provided in California Labor Code § 2802(c), as well as other available remedies.

## SIXTH CAUSE OF ACTION

### Unlawful Wage Deductions

### [Cal. Labor Code §§ 221, 223, 400-410; IWC Wage Order No. 9-2001, § 8]

### (Against All DEFENDANTS)

42. PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

43. California Labor Code § 221 provides, "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

44. California Labor Code § 222.5 provides: "No person shall withhold or deduct from the compensation of any employee, or require any prospective employee or applicant for employment to pay, any fee for, or cost of, any pre-employment medical or physical examination taken as a condition of employment, nor shall any person withhold or deduct from the compensation of any employee, or require any employee to pay any fee for, or costs of, medical or physical examinations required by any law or regulation of federal, state or local governments or agencies thereof."

45. California Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract.

46. California Labor Code §§ 400-410 provide the limited circumstances under which an employer can exact a cash bond from its employees and are designed to protect employees from taking or misappropriating employee funds held by the employer in trust.

47. IWC Wage Order No. 9-2001, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage due to cash shortage,

breakage, or loss of equipment is if the employer can show that the shortage, breakage, or loss was the result of the employee's gross negligence or dishonest or willful act.

48.    These and related statutes reflect California's fundamental and substantial public policy protecting employee wages.  Specifically, these and related statutes are designed to prohibit and prevent employers from using deductions or other similar practices to drive down the wage scale, indirectly paying employees less than the stated wage, subjecting employees to unanticipated or unpredicted reductions in their wages, making employees the insurers of their employer's business losses, or otherwise passing the ordinary business losses of the employer onto the employee.

49.    During the CLASS PERIOD, DEFENDANTS routinely made unlawful deductions from the compensation paid to the PLAINTIFF and CLASS MEMBERS for ordinary business expenses and losses without a showing that the expenses and/or losses were due to the PLAINTIFF's and CLASS MEMBERS' dishonest or willful act, or to the gross negligence of the PLAINTIFF and CLASS MEMBERS in violation of California Labor Code §§ 221, 222.5, 223, 400-410 and IWC Wage Order No. 9-2001, § 8.

50.    As a proximate result of DEFENDANTS' unlawful actions and omissions, PLAINTIFF and CLASS MEMBERS have been damaged in an amount according to proof at trial, and are entitled to all wages earned and due, plus interest thereon.  Additionally, PLAINTIFF and CLASS MEMBERS are entitled to all available statutory penalties, including but not limited to civil penalties pursuant to California Labor Code §§ 226(e), 226.3, and 1174.5, and an award of costs, expenses, and reasonable attorneys' fees, including but not limited to those provided in California Labor Code § 226(e), as well as other available remedies.

## SEVENTH CAUSE OF ACTION

**Unfair and Unlawful Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200 *et. seq.*]**

**(Against All DEFENDANTS)**

51.    PLAINTIFF incorporates herein by specific reference, as though fully set forth, the allegations in the foregoing paragraphs.

52. Each and every one of DEFENDANTS' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged herein, including but not limited to DEFENDANTS' failure and refusal to provide required meal periods, DEFENDANTS' failure and refusal to provide required rest periods, DEFENDANTS' failure and refusal to pay minimum wages, DEFENDANTS' failure and refusal to pay all wages due to discharged or quitting employees, DEFENDANTS' practice of making unlawful deductions from employees' wages, DEFENDANTS' policy of unlawful retention, and DEFENDANTS' failure and refusal to indemnify PLAINTIFF and CLASS MEMBERS for necessary expenditures and/or losses incurring in discharging their duties constitutes unfair, DEFENDANTS' misclassification of PLAINTIFF and CLASS MEMBERS as independent contractors, and unlawful business practices under California Business and Professions Code § 17200 *et seq*.

53. DEFENDANTS' violations of California wage and hour laws constitute a business practice because DEFENDANTS' aforementioned acts and omissions were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of PLAINTIFF and CLASS MEMBERS.

54. DEFENDANTS have avoided payment of wages, meal periods, rest periods, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, DEFENDANTS have failed to record, report, and pay the correct sums of assessment to the state authorities under the California Labor Code and other applicable regulations.

55. As a result of DEFENDANTS' unfair and unlawful business practices, including but not limited to those arising out of DEFENDANTS' misclassification of the PLAINTIFF and CLASS MEMBERS as independent contractors, DEFENDANTS have reaped unfair and illegal profits during the CLASS PERIOD at the expense of PLAINTIFF, CLASS MEMBERS, and members of the public. DEFENDANTS should be made to disgorge their ill-gotten gains and to restore them to PLAINTIFF and CLASS MEMBERS.

56. DEFENDANTS' unfair and unlawful business practices entitle PLAINTIFF and CLASS MEMBERS to seek preliminary and permanent injunctive relief, including but not limited

to orders that DEFENDANTS account for, disgorge, and restore to PLAINTIFF and CLASS MEMBERS the wages and other compensation unlawfully withheld from them. PLAINTIFF and CLASS MEMBERS are entitled to restitution of all monies to be disgorged from DEFENDANTS in an amount according to proof at the time of trial, but in excess of the jurisdiction of this Court.

## PRAYER FOR RELIEF

**WHEREFORE,** PLAINTIFF, individually and on behalf of all other persons similarly situated, by their attorneys, respectfully pray for relief against DEFENDANTS and DOES 1 through 100, inclusive, and each of them, as follows:

1. For compensatory damages in an amount to be ascertained at trial;
2. For restitution of all monies due to PLAINTIFF, including disgorged profits from the unfair and unlawful business practices of DEFENDANTS;
3. For meal and rest period compensation pursuant to California Labor Code § 226.7 and IWC Wage Order No. 9-2001;
4. For liquidated damages pursuant to California Labor Code § 1194.2;
5. For preliminary and permanent injunction enjoining DEFENDANTS from violating the relevant provisions of the California Labor Code and the IWC Wage Orders, and from engaging in the unlawful and unfair business practices complained of herein;
6. For actual and/or statutory damages and/or penalties pursuant to California Labor Code § 226(e);
7. For waiting time penalties pursuant to California Labor Code § 203;
8. For statutory and civil penalties according to proof, including but not limited to all penalties authorized by California Labor Code §§ 226(e) and 226.8;
9. For interest on the unpaid wages at 10% per annum pursuant to California Labor Code §§ 218.6, 1194, and 2802, California Civil Code §§ 3287, 3288, and 3336, and/or any other applicable provision providing for pre-judgment interest;
10. For reasonable attorneys' fees and costs pursuant to California Labor Code §§ 1194 and 2802, California Civil Code § 1021.5, and/or any other applicable provisions providing for attorneys' fees and costs;

11. For declaratory relief;

12. For an order requiring and certifying the First, Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action as a class action;

13. For an order appointing PLAINTIFF as class representative, and PLAINTIFF's counsel as class counsel; and

14. For such other and further relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial with respect to all issues triable of right by jury.

DATED: July 15, 2020

Respectfully submitted,

**THE KICK LAW FIRM, APC**

*/s/ Daniel J. Bass*
Taras Kick
Daniel J. Bass
Roy K. Suh

Attorneys for Plaintiff, Howard Haynie